### 45017. WESTBERRY v. THE STATE.
(361 SE2d 826)

GREGORY, Justice.

The issue in this case is whether the trial court erred in denying appellant's motion for an out-of-time appeal. The appellant was convicted of two counts of murder in 1980 and sentenced to life imprisonment. Prior to trial appellant raised the issue of his competency to stand trial, and a jury found, pursuant to OCGA § 17-7-130, that he was competent to stand trial. Following conviction appellant's attorney discussed with appellant the option of filing an appeal on his behalf. Appellant concedes he told his attorney he did not wish to pursue an appeal. The evidence shows that appellant stated to his attorney that he did not wish to appeal because he believed a retrial would again result in conviction. No appeal was taken.

Appellant now contends that an appeal should have been filed because he was not competent to make the decision to forego an appeal. We cannot agree.

Where the record shows that a criminal defendant voluntarily elects to forego a timely appeal following conviction, it is not error to deny his subsequent motion for an out-of-time appeal. *Wyatt v. State,* 248 Ga. 588 (285 SE2d 521) (1981); *Murphy v. Balkcom,* 245 Ga. 13 (262 SE2d 784) (1980). In determining that the defendant in the case before us was competent to stand trial, the jury necessarily concluded that he was capable of understanding the nature and object of the proceedings against him, and capable of assisting his attorneys in his defense. *Baker v. State,* 250 Ga. 187 (297 SE2d 9) (1982). This determination requires a conclusion that appellant was competent to decide whether or not to pursue an appeal, absent a showing

that his mental condition worsened between the time of the competency hearing and the time to file an appeal. No such contention or showing appears and thus the denial of his motion for an out-of-time appeal was not error.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only.*

DECIDED NOVEMBER 19, 1987.

*W. Jefferson Hires,* for appellant.
*Glenn Thomas, Jr., District Attorney, Michael J. Bowers, Attorney General,* for appellee.