S94A0100. MASSENGALE v. THE STATE.
(441 SE2d 238)

FLETCHER, Justice.

Toney Massengale was found guilty of malice murder and sentenced to life in prison.[1]

1. The evidence at trial showed that Massengale beat and strangled his girl friend causing her death by asphyxiation. Using an extension cord and phone cord, he then tied the victim's body in a fetal position and buried her in a shallow grave. During the following ten-day period, he returned to the grave site not less than ten times before he led authorities to the body and confessed to the crime. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Massengale guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Massengale challenges the court's charge to the jury on three separate grounds:

(a) In his first enumeration of error, he argues that the court's

---

[1] The crime occurred on April 3, 1992. Massengale was indicted on August 3, 1992 and a jury found him guilty of malice murder on August 27, 1992. He filed a motion for out-of-time appeal on March 1, 1993, which the trial court granted that same day. His notice of appeal was filed on March 1, 1993 and the appeal was docketed on October 21, 1993. The case was submitted for decision on briefs on January 20, 1994.

charge to the jury that "It is your duty to determine what testimony is worthy of belief and what testimony is not worthy of belief" required the jury to believe in its entirety either his testimony or that of law enforcement officers and removed from the jury's prerogative the ability to develop a reasonable doubt based upon a conflict in the evidence. In addition to the challenged language, which closely tracks the language of the Suggested Pattern Jury Instructions, the court charged that the jury may believe or disbelieve all or any part of the testimony of any witness and that the jury should assign to the testimony such weight as it deemed proper. The charge given by the court was fair and complete and, taken as a whole, correct. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177) (1987).

(b) In charging the jury on the burden of proof, the court stated:

> Ladies and gentlemen, as I have said, the burden of proof rests upon the State to prove each essential element of the crime charged in this indictment beyond a reasonable doubt. . . . If, after giving consideration to all the facts and circumstances of the case your minds are wavering, unsettled and unsatisfied, then, that is the doubt of the law and you should acquit. If that doubt does not exist in your minds as to the guilt of the defendant, then you *should* convict.

(Emphasis supplied.) Massengale contends that the court's charge that the jury "should" convict absent reasonable doubt is tantamount to the direction of a guilty verdict and undermines the presumption of innocence. As we have previously held, the better practice would be for the court to instruct the jury that it would "be authorized to find the defendant guilty," see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed. 1991), but the charge as given does not constitute reversible error. *Sutton v. State*, 262 Ga. 181 (2) (415 SE2d 627) (1992); see *Miller v. State*, 260 Ga. 191 (13) (391 SE2d 642) (1990).

(c) In the absence of a request to charge the jury on the issue of reconciling conflicts in testimony, the court's failure to give such a charge "cannot be held to be prejudicial or harmful error." *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

3. It was not error for the court to admit in evidence two photographs depicting injuries to the victim's face. The objected-to photographs showed additional injuries suffered by the victim at or just before her murder and were necessary to aid the jury in determining whether Massengale acted with malice aforethought. That the photographs may have been inflammatory does not render them inadmissible. *Goss v. State*, 255 Ga. 678 (1) (341 SE2d 448) (1986); *Simon v. State*, 253 Ga. 681 (2) (324 SE2d 455) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 21, 1994.

*Franklin H. Thornton,* for appellant.
*Peter J. Skandalakis, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.