S94A1326. ROWLAND v. THE STATE.
S95A0346. STARKS v. THE STATE.
(452 SE2d 756)

BENHAM, Presiding Justice.

Appellant Rowland was convicted of murder and possession of a firearm during the commission of a felony, and sentenced to life imprisonment on November 9, 1993.[1] His amended motion for new trial was denied by order filed March 9, 1994, and his notice of appeal was filed 43 days later.

Appellant Starks was convicted of murder, aggravated assault, and possession of a firearm during the commission of a felony and sentenced to life imprisonment and a term of years in 1990.[2] His motion for new trial following remand was denied by order filed November 16, 1993, and his notice of appeal, filed by counsel other than appellate counsel, was filed 31 days later. We have consolidated the appeals because each case involves the untimely filing of the notice of appeal by a criminal defendant represented by appellate counsel.

1. "[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. [Cits.]" *Stephenson v. Futch,* 213 Ga. 247 (1) (98 SE2d 374) (1957). " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' [Cit.]" *Hester v. State,* 242 Ga. 173, 175 (249 SE2d 547) (1978). OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial. The failure to file timely a notice of appeal subjects the appeals at bar to dismissal.

However, the dismissal of a represented criminal defendant's direct appeal from his conviction raises constitutional questions. Twenty years ago, in *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d

---

[1] The crimes occurred on January 1, 1993, and appellant was indicted February 2, after a special presentment to the grand jury of Wilkes County. The two-day trial took place November 8 and 9, 1993. Appellant's motion for new trial was filed on November 15, 1993, and amended on February 7, 1994.

[2] Appellant's first appeal was affirmed in part and remanded in part. See *Starks v. State,* 262 Ga. 244 (416 SE2d 520) (1992).

141) (1974), this court determined that a criminal defendant was entitled to effective assistance of counsel on appeal.

> An attorney who through negligence, ignorance, or misinterpretation of the law . . . fails to perform routine duties resulting in a dismissal of his client's appeal, thereby denying such client a right of review after conviction cannot be said to be rendering effective assistance. The result is the same as no assistance at all.

Id. at 746. More recently, in *Evitts v. Lucey*, 469 U. S. 387, 395 (105 SC 830, 83 LE2d 821) (1985), the U. S. Supreme Court recognized that a state court's dismissal of a criminal defendant's appeal of right due to the ineffective assistance of appellate counsel may violate the defendant's right to due process of law.

This court and more often the Court of Appeals have employed several methods when faced with a represented criminal defendant's appeal that is procedurally deficient. We have expressed reluctance to dismiss the appeal for failure to file a timely notice of appeal. See *Adams v. State*, 264 Ga. 71 (1) (440 SE2d 639) (1994) (errors enumerated by appellant addressed); *Brantley v. State*, 190 Ga. App. 642 (379 SE2d 627) (1989); *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313) (1987); *Clark v. State*, 182 Ga. App. 752 (357 SE2d 109) (1987); *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986) (record reviewed for substantive error despite dismissal due to untimely notice of appeal). But see *Hubbard v. State*, 208 Ga. App. 719 (431 SE2d 479) (1993); *Watson v. State*, 202 Ga. App. 667 (415 SE2d 306) (1992); *Clay v. State*, 194 Ga. App. 354 (391 SE2d 143) (1990); *Snelson v. State*, 190 Ga. App. 320 (378 SE2d 723) (1989); *Rimes v. State*, 182 Ga. App. 721 (356 SE2d 897) (1987) (appeals dismissed due to untimely notice of appeal). In an effort to comport with *Evitts v. Lucey*, supra, the Court of Appeals modified its rules (see *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985)),[3] and reviewed the criminal appellate record for substantive error when a timely-filed appeal was not followed by the defendant's timely-filed brief and enumerations of error. See *Allen v. State*, 192 Ga. App. 320 (385 SE2d 29) (1989); *Golden v. State*, 190 Ga. App. 477 (379 SE2d 230) (1989); *Hubbard v. State*, 183 Ga. App. 395 (360 SE2d 78) (1987). But see *Whittle v. State*, 210 Ga. App. 841 (437 SE2d 842) (1993) (over-

---

[3] *DeBroux* involved a pro se criminal appellant, as did *Whittle v. State*, 210 Ga. App. 841 (437 SE2d 842) (1993); *Sarver v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992); *Lee v. State*, 203 Ga. App. 487 (417 SE2d 426) (1992); and *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987). In *Whittle*, the Court of Appeals overruled those cases in which it had not dismissed a pro se criminal appellant's appeal despite the defendant's failure to file a brief or enumeration of error after being ordered to do so.

ruling *Allen v. State,* supra). Most recently, the Court of Appeals dismissed without prejudice and remanded to the trial court a timely-filed criminal appeal in which appellate counsel had failed to file a brief and enumeration of error despite having been ordered to do so. *Mitchell v. State,* 214 Ga. App. 69 (447 SE2d 140) (1994). See also *Favors v. State,* Case No. S94A1234 (July 22, 1994), and *Mobley v. State,* Case No. S92A1116 (Sept. 11, 1992) wherein the appellate courts issued orders similar to that issued in *Mitchell.* The appeals before us present this court with its first opportunity to examine the issue in depth and provide a means for uniform treatment of such appeals.

The attempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules,[4] and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error. In addition to clouding the appellate court's function, such action replaces a scrutiny of the trial record by a criminal defendant or his counsel with the appellate court's cursory "brief review of the record . . . [for] clear and grave injustice. . . ." *Whittle v. State,* supra, 210 Ga. App. at 842 (dissent of Pope, C. J.). In so doing, the appellate court may foreclose future habeas review of assertions of error on the ground that review of the errors is procedurally defaulted since they could have been raised in the direct appeal. Finally, the appellate court's rationale for taking the action presupposes that the appellate procedural deficiency is due to the negligence, ignorance, or misinterpretation of the law by appellate counsel (see, e.g., *Adams v. State,* 264 Ga. at 72 ("inasmuch as the failure to file the appeal would be considered ineffective assistance of counsel . . . we will consider his enumerations of error. . . ."); *Brantley v. State,* 190 Ga. App. at 643) when, in fact, the criminal defendant may have voluntarily elected to forego a timely appeal following conviction. See *Westberry v. State,* 257 Ga. 617 (361 SE2d 826) (1987).

2. While, as a matter of state and federal constitutional law, a criminal defendant is entitled to effective assistance of counsel in pur-

---

[4] We decline to distinguish in the application of the holding in *Evitts v. Lucey,* supra, between compliance with "jurisdictional requisites" and compliance with "procedural or technical rules. . . ." The language in *Sharpe v. State,* 198 Ga. App. 381 (401 SE2d 586) (1991); *Snelson v. State,* 190 Ga. App. at 320, wherein appeals were dismissed based on such a distinction, is disapproved. See also *Copeland v. White,* 178 Ga. App. 644 (344 SE2d 436) (1986), where the dismissal of an appeal was affirmed. The dismissal of a criminal defendant's appeal, thereby denying the defendant his right to direct appeal, can be the result of appellate counsel's negligence, ignorance, or misinterpretation of jurisdictional *or* procedural statutes and rules.

suing his appeal of right, the ineffectiveness of appellate counsel can result in the dismissal of an appeal of right without violating the defendant's right to due process as long as the defendant's due process right to an appeal is protected by provision of a " 'remedy for frustrated right of appeal.' " *Evitts v. Lucey,* supra at 399. Such a remedy has been judicially created in Georgia. In reviewing the denial of a petition for habeas corpus relief in *Roberts v. Caldwell,* 230 Ga. 223, 224 (196 SE2d 444) (1973), this court, after finding that the criminal defendant had been denied appellate counsel, ordered that counsel be appointed and "an appeal . . . be filed and prosecuted with benefit of counsel even at this late date." (Approximately 20 months after conviction.) The "out-of-time appeal" "is granted where the deficiency involves not the trial but the denial of the right of appeal. [Cits.]" *Lay v. State,* 242 Ga. 225, n. 1 (248 SE2d 611) (1978). It serves as a remedy for a habeas corpus petitioner who suffered a constitutional deprivation as well as the criminal defendant who has shown "good and sufficient reason" to a trial court. See, e.g., *McGuire v. State,* 188 Ga. App. 891 (374 SE2d 816) (1988); *Shirley v. State,* 188 Ga. App. 357 (373 SE2d 257) (1988); *Conway v. State,* 183 Ga. App. 573 (359 SE2d 438) (1987).[5] A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. *McAuliffe v. Rutledge,* supra; *Harper v. State,* 154 Ga. App. 550 (1) (269 SE2d 56) (1980). See also *Hunter v. State,* 260 Ga. 762 (399 SE2d 921) (1991). Since an out-of-time appeal is the remedy for a frustrated right of appeal, we may dismiss an appeal of right for failure to follow appellate procedural prerequisites. *Evitts v. Lucey,* supra, 469 U. S. at 399. We conclude that dismissal of the appeal is the appropriate and constitutionally permissible course of action when a represented criminal defendant's appeal has procedural deficiencies that deprive the defendant of the right of appellate review of the judgment of conviction.[6] The order of dismissal, to be sent to the criminal defendant as well as to appellate counsel with direction to send a copy to the defendant, should point out the appellate deficiency and make the defendant and counsel aware of the option of applying for an out-of-time appeal in the court of conviction. Should,

---

[5] This court and the Court of Appeals routinely review criminal appeals that are timely filed after the trial court's grant of the defendant's motion for an out-of-time appeal. See, e.g., *Hall v. State,* 264 Ga. 85, n. 1 (441 SE2d 245) (1994); *Massengale v. State,* 264 Ga. 51, n. 1 (441 SE2d 238) (1994); *Ashley v. State,* 263 Ga. 820, n. 1 (439 SE2d 914) (1994); *Smith v. State,* 263 Ga. 363, n. 1 (434 SE2d 465) (1993); *Terry v. State,* 263 Ga. 294 (430 SE2d 731) (1993); *Lawton v. State,* 263 Ga. 168, n. 1 (429 SE2d 921) (1993); *Williams v. State,* 210 Ga. App. 437 (436 SE2d 550) (1993); *Morales v. State,* 210 Ga. App. 414 (436 SE2d 528) (1993).

[6] The writer recognizes that this holding is at odds with the position he espoused in a dissent in *Copeland v. White,* 178 Ga. App. at 645-647. The crucible of experience, as recognized on pp. 873-874, supra, has brought about this transformation.

upon the defendant's application for out-of-time appeal,[7] it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, appellant is entitled to an out-of-time appeal. *McAuliffe v. Rutledge,* supra. See also *Cannon v. State,* 175 Ga. App. 741 (334 SE2d 343) (1985). A defendant granted an out-of-time appeal by the trial court will have 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction.[8] A defendant denied an out-of-time appeal by the trial court likewise has 30 days from the trial court's action to file a notice of appeal to the appropriate appellate court. See *Lane v. State,* 263 Ga. 517 (1) (436 SE2d 9) (1993); *Cannon v. State,* supra, 175 Ga. App. 741 (appellate court entertains direct appeal from the denial of a motion for out-of-time appeal).

*Appeals dismissed. All the Justices concur in Case No. S94A1326, except Hunstein and Carley, JJ., who concur specially. All the Justices concur in Case No. S95A0346, except Carley, J., who concurs specially. Hunstein, J., disqualified.*

CARLEY, Justice, concurring specially.

I completely agree with the majority that both of these appeals must be dismissed. The absence of a timely filed notice of appeal deprives this court of jurisdiction.

> Nothing . . . in *Evitts v. Lucey*[, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985)] . . . eliminates the jurisdictional requisite of a timely filed notice of appeal and the equally necessary dismissal of any appeal where that jurisdictional requisite was not observed.

*Copeland v. White,* 178 Ga. App. 644, 645 (344 SE2d 436) (1986).

However, I cannot agree that this court should "decline to distinguish in the application of the holding in *Evitts v. Lucey,* supra, between compliance with 'jurisdictional requisites' and compliance with 'procedural or technical rules. . . .' " (Majority at fn. 4) I believe that there is such a distinction. The appellate rule involved in *Evitts* was a technical nicety which was not jurisdictional in nature. *Copeland v. White,* supra at 645; *Snelson v. State,* 190 Ga. App. 320 (1) (378

---

[7] Requiring the defendant or his counsel to seek an out-of-time appeal is nothing new. See the cases cited in footnote 5. But see *Mitchell v. State,* 214 Ga. App. 69, supra, where the Court of Appeals elected not to place the burden of seeking an out-of-time appeal on the defendant.

[8] But see the procedure to be followed when appellate counsel intends to pursue a claim of ineffective assistance of trial counsel. *Ponder v. State,* 260 Ga. 840 (400 SE2d 922) (1991); and *Maxwell v. State,* 262 Ga. 541 (3) (422 SE2d 543) (1992).

SE2d 723) (1989). In my opinion, *Evitts*

forestalls the dismissal of criminal cases that are otherwise properly before an appellate court for consideration but in which counsel fails to comply fully with the procedural or technical rules of that court.

*Snelson v. State*, supra at 320 (1). See also *Sharpe v. State*, 198 Ga. App. 381, 382 (1) (401 SE2d 586) (1991). Until *Whittle v. State*, 210 Ga. App. 841 (437 SE2d 842) (1993), the Court of Appeals consistently refused to dismiss criminal appeals where there was no jurisdictional defect. See, e.g., *Lee v. State*, 203 Ga. App. 487 (417 SE2d 426) (1992); *Allen v. State*, 192 Ga. App. 320 (385 SE2d 29) (1989). Moreover, Georgia has not been alone in finding, from the teaching of *Evitts*, a distinction between procedural irregularities and jurisdictional requisites. *Charles v. State*, 809 SW2d 574, 576 (3) (Tex. App. — San Antonio 1991); *Jones v. State*, 796 SW2d 183, 187 (5) (Tex. Cr. App. 1990). Accordingly, I cannot agree with the majority's disapproval of *Snelson* and *Sharpe*.

Even if *Evitts* does not constitutionally require that we automatically consider the merits of a criminal appeal wherein counsel has failed to comply fully with procedural or technical appellate rules, a speedy resolution of criminal appeals is always preferable to a delay of that determination. Thus, I would hold that once a Georgia appellate court's jurisdiction has been invoked by a timely filed notice of appeal from a criminal conviction, that court should not dismiss because of a subsequent noncompliance with its rules. Instead, it should make every effort to render a decision on the merits of the case. OCGA § 5-6-30; See *Lee v. State*, supra at 488 (1), overruled in *Whittle v. State*, supra.

Applying this principle, this Court has held that the Court of Appeals erred in relying on the failure of an appellant to comply with its rules as a basis for its refusal to reach the merits in a *civil* case. *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979). See also *Petkas v. Grizzard*, 253 Ga. 407, 408 (321 SE2d 323) (1984); *Johnson v. State*, 255 Ga. 552, 555 (341 SE2d 220) (1986).

Thus, I am convinced that the majority opinion's dicta sanctioning dismissal for non-compliance with "procedural or technical rules" is not only inconsistent with the spirit of *Evitts*, but is also contrary to the decisions of this Court.

I am authorized to state that Justice Hunstein joins in this special concurrence as to Case No. S94A1326 only.

DECIDED JANUARY 24, 1995 —
RECONSIDERATION DENIED FEBRUARY 9, 1995.

*Walton Hardin*, for appellant (case no. S94A1326).
*Dennis C. Sanders, District Attorney, M. Eric Eberhardt, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.
*Claudia S. Saari*, for appellant (case no. S95A0346).
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General*, for appellee.