# Court of Appeals
# of the State of Georgia

ATLANTA,    November 16, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0355. CLARENCE STRICKLAND v. THE STATE.**

A jury found Clarence Strickland guilty of aggravated sodomy against his daughter, and we affirmed his conviction on appeal. See *Strickland v. State*, 311 Ga. App. 400 (715 SE2d 798) (2011). Strickland subsequently filed a motion to vacate a void judgment, which the trial court denied on February 5, 2015. Strickland filed a notice of appeal from this ruling on April 9, 2015. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days after entry of the appealable order. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Strickland filed his notice of appeal 63 days after entry of the trial court's order, his appeal is untimely.

Second, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable

penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Strickland does not argue that his sentence fell outside the permissible statutory range and thus has not raised a colorable void sentence claim. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*     11/16/2015
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

        *Stephen E. Castlen*      *, Clerk.*