# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1086.  KEVAN C. PICKSTOCK v. THE STATE.**

In 1997, a jury convicted Kevan C. Pickstock of 13 counts including burglary, kidnapping, robbery, and aggravated assault, and his convictions were affirmed on appeal.  See *Pickstock v. State*, 235 Ga. App. 451 (509 SE2d 717) (1998).  On May 1, 2015, Pickstock filed a "Motion for Entry of a Valid Judgment of Sentence," arguing his sentence was excessive.  The trial court denied the motion on November 16, 2015, and Pickstock filed a notice of appeal on January 1, 2016.[1]  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days after entry of the appealable order.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).  Because Pickstock filed his notice of appeal 45 days after entry of the trial court's order, his appeal is untimely.

Second, pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later.  Once this statutory period expires, a trial court may only modify a void sentence.  See *Frazier v. State*, 302 Ga. App. 346,

---

[1] Pickstock also filed an application for discretionary review from the trial court's order denying his Motion for Entry of a Valid Judgment of Sentence.  That application was dismissed because it was untimely.  See A16D0206, dismissed on January 19, 2016.

348 (691 SE2d 346) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. Id. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Accordingly, allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for a direct appeal. See *Frazier*, supra at 348. Here, Pickstock does not argue that his sentence fell outside the permissible statutory range and thus has not raised a colorable void sentence claim. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____03/03/2016_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*