# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1742.  WILLIE HOLLAND v. THE STATE.**

In 2003, a jury convicted Willie Holland of possession of heroin with intent to distribute. A month later, a jury found Holland guilty of one count of aggravated assault on a peace officer, possession of a firearm during the commission of a felony, and possession of heroin.  After the grant of an out-of-time appeal, Holland's convictions were affirmed by this Court.  See *Holland v. State*, Case No. A05A0765 (decided April 6, 2005).  In 2011, Holland, acting pro se, filed a "Motion to Amend Defaulted Ruling on a Void Judgment," and in 2013, he filed an amended motion. The trial court denied the motion on August 21, 2013.  Holland subsequently filed this direct appeal on November 7, 2013.

A notice of appeal must be filed within 30 days after entry of the appealable order. See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Holland filed his notice of appeal 78 days after entry of the trial court's order, his appeal is untimely.[1] Accordingly, this untimely appeal is hereby DISMISSED.  The State's motion to dismiss the appeal is DENIED as moot.

---

[1] Furthermore, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Holland is not authorized to collaterally attack his conviction in this manner.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   06/02/2016  
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

     *Stephen E. Castlen*    , *Clerk.*