# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1068. ALFONSO BARNES v. THE STATE.**

In February 2010, a jury found Alfonso Barnes guilty of criminal attempt to commit robbery and battery, and Barnes filed a timely motion for new trial. More than six years later, on October 28, 2016, the trial court denied the motion, and Barnes appealed. According to Barnes' counsel, she mailed a notice of appeal with a self-addressed, stamped envelope to the clerk and a notice of appeal to the judge. Although the attorney contends the judge received the notice of appeal, the clerk did not. Barnes' attorney filed a second notice of appeal on November 29, 2016, and the case was transmitted based upon this second notice of appeal. We, however, lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because the notice of appeal here was filed 32 days after entry of the trial court's order denying Barnes' motion for new trial, it is untimely.  Accordingly, we lack jurisdiction to entertain this appeal.

Because Barnes is represented by counsel, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995):

This appeal has been dismissed because of your counsel's failure to file a timely notice of appeal.  If you still wish to appeal, you may request the trial court to grant an out-of-time appeal. If the trial court grants an out-of-time appeal, you will have 30 days from that grant in which to instigate an appeal. If the trial court denies your request for an out- of-time appeal, you may appeal

that denial by filing a notice of appeal within 30 days of the denial. If you no longer wish to appeal your conviction, you need not do anything else.

The Clerk of Court is directed to send a copy of this order to Barnes as well as to Barnes' attorney, who is also directed to send a copy to Barnes.

We also take this opportunity to reiterate that delays in the handling of a criminal motion for new trial such as Barnes'

put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial, and it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay.

*Ingram v. State*, 297 Ga. 854, 854 n.1 (778 SE2d 781) (2015) (punctuation omitted).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,__02/21/2017_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*