# Court of Appeals
# of the State of Georgia

ATLANTA,  April 30, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1757. STEPHEN HENRY DALE v. THE STATE.**

On September 11, 2018, Stephen Henry Dale entered *Alford*[1] pleas in Banks County to aggravated child molestation and cruelty to children in the first degree. Dale was represented by counsel at the time of his guilty plea, and there is no indication in the record before us that counsel was permitted to withdraw. On December 17, 2018, Dale filed a pro se notice of appeal from his conviction. We lack jurisdiction.

As an initial matter, a notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Here, Dale's pro se notice of appeal was filed 97 days after entry of his judgment of conviction, making his appeal untimely.

Furthermore, a "criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Here, Dale filed his pro se notice of appeal within the same term of court that his conviction was entered. See OCGA § 15-6-3 (32) (A) (providing that terms of courts in Banks County begin on the first Monday in February and August). Accordingly, Dale's pro se notice of appeal is also a nullity. *Soberanis v. State*, 345 Ga. App. 403, 405 (812

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

SE2d 800) (2018) (holding that the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment had been entered, was a legal nullity); *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) ("[A]t a minimum, legal representation continues - unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) - through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea[.]").

For these reasons, this appeal is hereby DISMISSED.

Because Dale was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Dale and to his attorney, and the latter also is DIRECTED to send a copy to Dale.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __04/30/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*