# Court of Appeals
# of the State of Georgia

ATLANTA, __June 08, 2020__

*The Court of Appeals hereby passes the following order:*

## A20A1881.  JEFFREY EDWARD MOSS v. THE STATE.

In 2016, a jury found Jeffrey Moss guilty of several sexual offenses, and the Monroe County Superior Court imposed a total sentence of three life terms plus twenty years in prison.  The trial court denied Moss's counseled motion for a new trial on January 8, 2020, and he filed a pro se notice of appeal on March 6, 2020.  We lack jurisdiction because, pretermitting whether Moss remains represented by counsel – which would render his pro se notice of appeal a nullity[1] – his appeal is untimely.

---

[1] "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect."  *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted).  "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal.  Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record."  Id. at 362 (3) (punctuation omitted).  Here, the record contains no indication that the trial court entered a written order relieving Moss's counsel of his representation.  Nevertheless, because Moss filed his pro se notice of appeal in the term of court following the term of court in which his motion for a new trial was denied, see OCGA § 15-6-3 (40.1) (C), we express no opinion on whether he remained represented by counsel at that time.  See generally *White v. State*, 302 Ga. 315, 318-319 (2) (806 SE2d 489) (2017) (explaining that "defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed" and that, "at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) – through the end of the term at which a trial court enters a judgment of conviction"); accord *Soberanis v. State*, 345 Ga. App. 403, 405 (812

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). We note that Moss's pro se notice of appeal was filed less than 30 days after the denial of his pro se motion for reconsideration of the denial of his motion for a new trial. Pretermitting whether that motion was a nullity,[2] it does not render this appeal timely. That is because a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); see also *State v. Lynch*, 286 Ga. 98, 102 (2) (686 SE2d 244) (2009); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the denial of Moss's motion for reconsideration is not appealable, and his notice of appeal – filed 58 days after entry of the denial of his motion for a new trial – is untimely. See OCGA § 5-6-38 (a); *Lynch*, 286 Ga. at 102 (2); *White*, 282 Ga. at 860 (1); *Savage*, 173 Ga. App. at 271. We therefore lack jurisdiction over this untimely appeal, which is hereby DISMISSED.

Because Moss was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the

---

SE2d 800) (2018) (the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment was entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw).

[2] See generally note 1, above.

entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Moss and to his attorney, and the latter also is DIRECTED to send a copy to Moss.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/08/2020__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*