# Court of Appeals
# of the State of Georgia

ATLANTA,   September 22, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0054. JUNE WILLIAMS, JR. v. THE STATE.**

In 2004, June Williams, Jr., was convicted of two counts of armed robbery and sentenced to life imprisonment. Williams did not file a timely motion for new trial. On September 11, 2012, the trial court granted Williams 30 days to file an out-of-time appeal. However, Williams did not file a motion for new trial until nearly a year later, on August 7, 2013. The trial court denied the motion for new trial, and Williams filed this appeal on May 5, 2020. We lack jurisdiction.

An out-of-time appeal is a judicially created remedy for ineffective assistance of counsel, under which a defendant must file a notice of appeal or motion for new trial within 30 days of entry of the order granting the out-of-time appeal. See *Pounds v. State*, Supreme Court Case No. S20A0470 at \*6-9 (2) (b) (July 1, 2020); *Lay v. State*, 305 Ga. 715, 715 n. 1 (827 SE2d 671) (2019); *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995); *Maxwell v. State*, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992); see also OCGA § 5-5-40 (a). Thus, Williams's August 7, 2013 motion for new trial — filed nearly a year after the trial court's September 11, 2012 order granting him leave to file an out-of-time appeal — was untimely. An untimely motion for new trial does not operate to toll the time for filing a notice of appeal. *Blackmon v. State*, 306 Ga. 90, 91 n. 1 (829 SE2d 75) (2019); *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1991). Accordingly, Williams's untimely motion for new trial did not extend the time for filing a notice of appeal, and his appeal from his

judgment of conviction is untimely.[1] See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland*, 264 Ga. at 872 (1). Therefore, Williams's appeal is hereby DISMISSED.

Because Williams remains represented by counsel, he is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Williams as well as to Williams's attorney, who is also DIRECTED to send a copy to Williams.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/22/2020
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*

---

[1] To the extent Williams seeks to appeal the denial of his motion for new trial, a trial court's order denying an untimely motion for new trial is invalid. See *Pounds*, Supreme Court Case No. S20A0470 at *9-11 (2) (b), 14 (3), 22 (4). In addition, although a late-filed motion for new trial can "ripen" or be "brought back to life" upon the subsequent grant of an out-of-time appeal, see id. at *8-11 (2) (b), 14 n. 9 (3), 23 (4), that did not occur here, because the trial court first granted Williams an out-of-time appeal, and then Williams failed to file a motion for new trial within 30 days.