# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0363.  LEWIS HALLE JR. v. THE STATE.**

In 2018, Lewis Halle Jr. was convicted of misdemeanor sexual battery as a lesser included offense of rape. Halle did not file a timely motion for new trial. On August 6, 2018, the trial court granted Halle's motion to file an out-of-time appeal. However, Halle did not file a motion for new trial until more than seven months later on March 19, 2019.  The trial court denied the motion for new trial on July 8, 2020, and Halle filed this appeal on July 20, 2020. We lack jurisdiction.

An out-of-time appeal is a judicially created remedy for ineffective assistance of counsel, under which a defendant must file a notice of appeal or motion for new trial within 30 days of entry of the order granting the out-of-time appeal. See *Pounds v. State*, ___ Ga. App. ___ (2) (b) (846 SE2d 48) (2020); *Lay v. State*, 305 Ga. 715, 715 n. 1 (827 SE2d 671) (2019); *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995); *Maxwell v. State*, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992); see also OCGA § 5-5-40 (a). Thus, Halle's March 19, 2019 motion for new trial — filed more than seven months after the trial court's August 6, 2018 order granting him leave to file an out-of-time appeal — was untimely. An untimely motion for new trial does not operate to toll the time for filing a notice of appeal. *Blackmon v. State*, 306 Ga. 90, 91 n. 1 (829 SE2d 75) (2019). Accordingly, Halle's untimely motion for new trial did not extend the time for filing a notice of appeal, and his appeal from his judgment of conviction is untimely.[1]

---

[1] Although a late-filed motion for new trial can "ripen" or be "brought back to life" upon the subsequent grant of an out-of-time appeal, see *Pounds*, supra at ___ (2)

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland*, 264 Ga. at 872 (1). Therefore, Halle's appeal is hereby DISMISSED.

Because Halle remains represented by counsel, he is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Halle as well as to Halle's attorney, who is also DIRECTED to send a copy to Halle.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  10/21/2020*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

(b), (3), that did not occur here, because the trial court first granted Halle an out-of-time appeal, and then Halle failed to file a motion for new trial within 30 days. See OCGA § 5-6-38 (a).