# Court of Appeals
# of the State of Georgia

ATLANTA,  November 19, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0581. BRAEN COPLIN v. THE STATE.**

In 2010, Braen Coplin[1] pled guilty to multiple counts of armed robbery, false imprisonment, and aggravated assault, and one count of theft by taking, and the trial court imposed a total sentence of fifteen years in prison. The current record on appeal contains no indication that Coplin filed a direct appeal from his judgment of conviction.

In March 2020, Coplin filed a "Motion for Entry of a Valid Judgment of Sentence," in which he argued that his convictions and sentences are void as a result of coercive tactics by the State and because the State did not follow through on an agreement to consider seeking a sentence modification if Coplin provided meaningful cooperation in this case. The trial court construed Coplin's motion as a request to modify his sentence, which the court both denied and dismissed. Coplin then filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls

---

[1] The record on appeal indicates that Coplin also is known as "Brian Coplin" and "Brian Coplin-Rivera."

within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Coplin has not raised a colorable claim that his sentences are void because the claims asserted in the motion at issue in this appeal have no bearing on whether the sentences fall within the statutory ranges of permissible punishments for the crimes of which he was convicted. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). To the extent that Coplin's motion could be construed as a motion to vacate his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.

We note, however, that Coplin filed a motion for an out-of-time appeal in April 2016. Based on the current record on appeal, it appears that Coplin's motion for an out-of-time appeal remains pending before the trial court. Because Coplin was represented by counsel when he pled guilty and was sentenced, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): If the trial court grants your request for an out-of-time appeal, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry

of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Coplin and to his attorney, and the latter also is DIRECTED to send a copy to Coplin.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* <u>11/19/2020</u>
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*