# Court of Appeals
# of the State of Georgia

ATLANTA, March 17, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1084. JM HOMECARE SERVICES, INC. v. AUTO-OWNERS INSURANCE COMPANY.**

Auto-Owners Insurance Company filed an action against JM Homecare Services, Inc. Joseph Mozie, the registered agent, filed a pro se answer on behalf of JM Homecare. The trial court subsequently informed JM Homecare that it could not represent itself and ordered it to obtain counsel. After JM Homecare failed to do so, the trial court granted Auto-Owner's motion to strike and entered a judgment in favor of Auto-Owners on August 21, 2020. Mozie then filed a pro se notice of appeal on December 14, 2020. We, however, lack jurisdiction for two reasons.

First, Mozie is not authorized to file a notice of appeal on behalf of JM Homecare. See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) ("In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record . . . ."). Accordingly, because Mozie is not authorized to practice law in this State, the notice of appeal he filed on behalf of JM Homecare is null and void.

Second, the notice of appeal was untimely. A notice of appeal must be filed within 30 days after the entry of the order or judgment to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Here, Mozie filed the notice of appeal 115 days after the trial court's order. Consequently, this appeal is untimely.

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___03/17/2021_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*