**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 13, 2023**

# In the Court of Appeals of Georgia

A22A1415. McDANIEL v. STATE.

PIPKIN, Judge.

Appellant Jeremy Chad McDaniel was convicted of two counts of aggravated child molestation, two counts of incest, and a sole count of aggravated sexual battery. Following the trial court's denial of his motion for new trial, as amended, Appellant timely appealed. Appellant's brief fails to comply with this Court's Rules in numerous ways, and his arguments are either meritless or abandoned. Accordingly, for the reasons set forth below, we affirm.

As an initial matter, we address the patently deficient structure of Appellant's brief, which was filed by his appointed counsel and reflects a flagrant disregard for

this Court's Rules.[1] At the time Appellant's brief was filed,[2] our Rules expressly required that an appellant's brief contain "a succinct and accurate statement of . . . the material facts relevant to the appeal," "a citation of the part of the record or transcript essential to a consideration of the errors," and "a statement of the method by which each enumeration of error was preserved for consideration." Court of Appeals Rule 25 (a), (b). Appellant's brief does not comply with any of these requirements.

For example, Appellant's "Statement of Material Facts" consists of a single sentence: "At trial, the evidence showed that Appellant engaged in various sexual acts with his daughter over a long period of time that spanned her [sixteenth] birthday." That lone sentence is clearly inadequate to fulfill the purpose of a statement of material facts – which, of course, is to assist the Court in determining the nature of the case and then in performing a meaningful analysis of the errors asserted – particularly in light of the fact that the trial transcripts and exhibits in this case total

---

[1] The record shows that the Appellate Division of the Georgia Public Defender Council appointed John R. Monroe to represent Appellant during his post-conviction proceedings. Monroe frequently litigates in this Court.

[2] This Court's Rules were revised effective January 20, 2023; here, we rely on the version effective when Appellant's brief was filed in May 2022.

nearly 1,000 pages. Also missing from Appellant's brief is any citation to the parts of the record essential to consideration of his claims.

Turning to the content of Appellant's brief, we note that the "Argument" section presents even more instances of disregard for this Court's Rules. The woefully few record citations do not conform to our Rules, see Court of Appeals Rule 25 (c) (3), and this section sheds no light on the substance of Appellant's claims. Just as problematic is the absence of any citation of meaningful and pertinent legal authority. Notwithstanding these deficiencies, we turn now to address the arguments raised in Appellant's brief, to the extent we are able to do so.

(a) In a rambling argument spanning nearly eight pages, Appellant first contends, as best we can discern, that his convictions must be reversed because the evidence was insufficient. But Appellant does not discuss the elements of the crimes of which he was convicted or the evidence adduced at trial, nor does he provide citations to the record or to legal authority relating to the sufficiency of the evidence. Instead, he focuses on a perceived lack of precision in the victim's testimony with respect to the terminology she employed for the female anatomy when detailing the

sexual acts Appellant committed against her.[3] To that end, Appellant attempts to educate this Court regarding the proper terminology for female genitalia, but Appellant's anatomy discussion omits citation of legal authority to support his argument. Further, the terminology the victim employed to describe the crimes committed against her goes to the weight and credibility of her testimony, not evidentiary sufficiency. And "it is the function of the jury, not this Court, to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence." (Citation and punctuation omitted.) *Allison v. State*, 356 Ga. App. 256, 262 (2) (a) (846 SE2d 222) (2020); see also *Smith v. State*, 310 Ga. App. 392, 394 (713 SE2d 452) (2011) ("Although [appellant] argues that the State did not establish that [the victim] understood the female anatomy, she spoke in clear, recognizable terms, and the jury was responsible for assessing the credibility of her statements.").

(b) Appellant also makes unexplained references to OCGA §§ 5-5-20 and 5-5-21 in this portion of his brief, and it is possible that Appellant seeks to challenge the trial court's refusal to grant him a new trial on the general grounds. Such a claim

---

[3] For instance, Appellant claims that "whenever [the victim] uses the word 'vagina' in her testimony, in reality she is talking about her pubic mound or her public [*sic*] hair, and not her actual, internal organ known anatomically as a vagina."

presents nothing for our review, however, because "the trial court alone is the 'arbiter of the general grounds,'" and where the evidence supporting a defendant's convictions is sufficient – and we must presume it was as Appellant has not shown otherwise – "we have no basis to disturb the trial court's denial of [a] motion for new trial on the general grounds." (Citation omitted.) *Wilcox v. State*, 310 Ga. 428, 432 (2) (851 SE2d 587) (2020). See also *Caviston v. State*, 315 Ga. 279, 284 (1) (882 SE2d 221) (2022) ("There is no indication in the trial court's order or in the transcript of the hearing [on Appellant's motion for new trial] that the judge failed to exercise his discretion as required or applied an inappropriate standard of review. Under these circumstances, [Appellant] has not shown that the trial court erred in denying his motion on the general grounds alleged.").

(c) Turning next to the argument appearing beneath a heading titled "Timing," Appellant complains that the victim's testimony showed only that the crimes occurred between June 2015 and March 2017, which he asserts "is a problem" because "[s]ome of the crimes are alleged to have occurred between June 2015 and September 2016," while "[s]ome are alleged to have occurred between September 2016 and March 2017." In Appellant's estimation, two counts on which he was convicted "were identical and should have been merged" and another two counts were "unreliable."

5

While Appellant may be raising at least one claim of merger error, he provides no guidance at all – either in the form of citations to the transcript or to relevant legal authority – that would assist this Court in engaging in the fact-intensive analysis necessary to resolve this type of merger error. Because this claim is so lacking in specific argument that it simply cannot be addressed in any meaningful way, we deem it abandoned.[4] See Court of Appeals Rules 25 (c) (2), (c) (2) (i).

(d) Under a heading titled "Erroneous Admission of Evidence," Appellant ostensibly challenges the trial court's rulings on the admissibility of three exhibits and the testimony of an expert witness for the State. As we can understand his two-paragraph argument, Appellant seems to question the relevance of the evidence and, perhaps, the trial court's decision to permit the State's witness to testify as an expert. But again, our ability to review any error with respect to the admission of this evidence is thwarted by Appellant's deficient brief. Beyond failing to identify the objectionable evidence with any specificity or to indicate how any error was

___

[4] We note that the content of Appellant's brief is a carbon copy of his amended motion for new trial. The trial court construed this portion of the motion for new trial as raising a claim of fatal variance. Appellant has not asserted any error with respect to the reasoning or conclusions contained in the trial court's order; nevertheless, he devotes his reply brief to chastising the State for addressing the perceived issue of a fatal variance. We therefore conclude that Appellant has not raised an issue with respect to a fatal variance.

preserved for review, Appellant cites no legal authority and makes no cogent argument to support this claim; he merely insists that the evidence was "make-weight" and "served only to confuse the jury." Such vague assertions of error, untethered from any legal principle, are not entitled to review. Indeed, "[i]t is not this Court's job to cull the record on behalf of Appellant to find alleged errors, as appellate judges are not like pigs, hunting for truffles buried in briefs." (Citations and punctuation omitted.) *Henderson v. State*, 304 Ga. 733, 739 (4) (822 SE2d 228) (2018).

(e) Under the heading "Jury Instructions," Appellant asserts in a five-sentence argument that the trial court erred by denying his requested jury charge on a lesser-included offense. Yet again, however, Appellant fails to discuss how such a charge was supported by the evidence and instead renews his quibbles with the semantics of the victim's testimony; he also fails to cite any legal authority, beyond the applicable statutes, or to engage in any reasoned argument that would establish reversible error. So, once more, we conclude that Appellant has abandoned this claim of error. See *Rider v. State*, 366 Ga. App. 260, 272-273 (6) (__ SE2d __) (2022).

(f) Finally, we acknowledge the significant liberty interests at stake in this appeal, but meaningful review cannot be had. While this Court strives to reach the

merits of every appeal, Appellant's brief is wholly inadequate, made so by his counsel's inexcusable disregard for our Rules. As our Supreme Court has cautioned,

> attempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.

*Rowland v. State*, 264 Ga. 872, 874 (452 SE2d 756) (1995), overruled on other grounds by *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). Instead, "it is almost always a better course to decide the appeal the parties bring us, rather than the appeal we might have brought were we in counsel's shoes" because, among other reasons, "and particularly relevant here, failing to acknowledge that an appellate attorney filed an insufficient brief in a criminal case may frustrate future habeas corpus review."

(Citations and punctuation omitted.) *Carr v. State*, 363 Ga. App. 35, 37 (1) (870 SE2d 531) (2022).[5]

*Judgment affirmed. Rickman, C.J., and Miller, P.J., concur.*

---

[5] In a singularly contemptible footnote, Appellant's counsel opines that Appellant's daughter "cannot legally be referred to as a 'victim' of incest. If anything, she was an unindicted co-conspirator." Of course, counsel fails to cite any legal authority establishing the standard for "legally" referring to a person as a victim, but given the victim's sworn testimony detailing the sexual acts committed against her by Appellant while she was a child and the jury's clear decision to credit that testimony in finding Appellant guilty of two counts of incest, among other things, we see no issue with the use of the term "victim." We take this opportunity to put counsel on notice that this Court will not countenance the disparagement of crime victims and that such statements fall well outside the parameters of zealous representation.