## 29619. KING v. THE STATE.

INGRAM, Justice.

The defendant appeals from the final order of the Superior Court in the Southern Judicial Circuit denying his motions for an out of time appeal (from earlier felony convictions in that court) and for a free copy of various court records to be used in connection with the appeal.

The trial court found, upon considering these motions, that defendant was convicted in that court on March 16, 1974, of the crimes of armed robbery, kidnapping and murder, for which defendant received two sentences of 20 years and a sentence of life imprisonment. No motion for new trial or direct appeal was filed in the case and more than 120 days elapsed from the date of the convictions before the present motions were filed by defendant.

The record discloses that the defendant was represented at his trial by two court-appointed lawyers. The defendant contends that he was unaware he "could appeal in forma pauperis and that the court would allow the appeal to be filed without cost, and counsel would be appointed for the purpose of appeal."

The record reveals that subsequent to defendant's trial he signed the following request to the trial court, which was filed of record with the Clerk of the Superior Court of Colquitt County:

"Comes now the defendant above named, and shows to the court the following facts: 1. That he has been represented by . . . [counsel], in connection with the above

matter by appointment. 2. That the above mentioned indictments have been duly tried, that sentence has been imposed upon the defendant. 3. That the attorney's above named have advised the defendant of his right to appeal his conviction, and sentence defendant being fully cognizant of such right does hereby waive any appeal from his conviction and sentence and does hereby announce that he desires no appeal entered in his behalf, said waiver being made upon due consideration and after due contemplation and after defendant has been fully informed of his rights in connection therewith. 4. Defendant does hereby request therefore that . . . [counsel] be relieved of their appointment as counsel and request the court to enter an order thereon."

Pursuant to this written request by defendant to the trial court, the defendant's appointed counsel were relieved by the court of further responsibility in defendant's case. More than four months later, defendant then sought for the first time to repudiate these written representations to the court so that he might appeal from the earlier convictions. We find no error, under these circumstances, in the trial court's denial of the defendant's motions and the judgment below will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 27, 1975 — DECIDED FEBRUARY 4, 1975.

Freddie Lee King, *pro se.*
*H. Lamar Cole, District Attorney,* for appellee.