## 29783. FURGERSON v. THE STATE.

HILL, Justice.

This is an out of time appeal, granted by the Superior Court of Telfair County where the defendant was convicted.

After his arrest on June 21, 1970, defendant was indicted at the June Term for the crime of rape which was alleged to have occurred on June 20. Counsel was appointed September 1 with the understanding that the defendant was seeking to employ counsel of his own choosing.

The defendant was arraigned October 28, 1970, the trial commenced October 29 with appointed counsel representing the defendant, and the jury returned its verdict of guilty on October 31, on which verdict a life sentence was imposed.

Knowing of no reversible error, counsel was allowed to withdraw from the case without the agreement of the

defendant. Defendant later filed his pro se motion for out of time appeal, counsel was appointed, the motion was granted, a motion for new trial and an amendment thereto were filed and overruled, and this appeal followed.

Errors are enumerated on the general grounds and on the alleged ineffective assistance of appointed trial counsel.

1. Briefly stated, the evidence showed that on the night of June 20, 1970, the 14-year-old victim and her boy friend were parked; that two men appeared, opened the door, and hit the boy friend on the head with a pipe-like object; that a third person appeared; that they approached the boy friend with a rope; and that he ran. The victim testified that she was raped by the three men. Thereafter she went to the police, then to the hospital, and later to a doctor. Investigating officers found a rope and piece of pipe at the scene. In his unsworn statement, the defendant admitted being at the scene, opening the car door, and hitting the boy friend. He denied that rape had occurred. This statement coincided generally with a statement he previously had given to the investigating officers. A co-defendant in his statement given to these officers had admitted that he had intercourse with the victim after the defendant had done so.

The trial court did not err in overruling the motion for new trial on the general grounds as the verdict was not contrary to the law or the evidence.

2. Defendant strenuously contends that appointed trial counsel rendered ineffective assistance. This contention is based primarily on the facts that at the commencement of the trial, counsel moved for a continuance for purpose of discovery on the ground that he had not been afforded an opportunity to subpoena witnesses and take their pre-trial testimony, pointing out that the defendant had been indicted so soon after arrest that no commitment hearing was held, and urging that it was only the day before trial that he learned for certain that the defendant would not have retained counsel to represent him; that he moved to be discharged from representing the defendant because the defendant ignored his advice and counsel; and that after trial he did not pursue an appeal.

Defendant, represented on this appeal by newly appointed counsel, does not cite any incident which occurred at the trial which would show ineffectiveness or lack of preparation.

The trial transcript shows that trial counsel was vigorous in defense of the defendant. His cross examination of the state's witnesses shows familiarity with the case. He called one doctor who examined the victim whose testimony was that he saw no evidence of rape. The defendant's unsworn statement was made against counsel's advice.

At the hearing on the amended motion for new trial, defendant's former attorney testified that he conferred with the defendant prior to trial several times; that one such session, including a conference with defendant's parents, lasted all one afternoon; that he interviewed witnesses for the state including the victim; that he realized there was little chance of acquittal; that his recommendation that the defendant enter a plea and avoid the highest penalty was refused by the defendant; that the case was as ready for trial as it could be; and that he moved for continuance in the hope that during the delay he might find something that would be of help.

The matter of trial counsel's not having pursued an appeal has been rendered moot by this appeal. (That decision by counsel was made prior to *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683)).

We previously have held that a defendant does not have the right to choose his court-appointed counsel. *McClure v. Hopper,* 234 Ga. 45 (3) (214 SE2d 503). The fact that a defendant does not approve of the appointment of counsel does not demonstrate ineffective assistance of counsel. For the same reason, the fact that an attorney does not approve the person he is appointed to represent does not demonstrate ineffective assistance. As shown by *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), the effective assistance of trial counsel is measured not by his effectiveness in achieving a favorable result (verdict) but by his reasonable effectiveness during the trial in defending the accused.

The fact that trial counsel made a motion for continuance for the purpose of discovery does not

demonstrate ineffective assistance. Nor does it necessarily demonstrate lack of preparation for trial by counsel. On the contrary, the making of the motion itself may be considered as evidence of diligence by counsel. The motion was made; it was overruled by the court; that ruling has not been urged as error here, possibly because there is at present no right in criminal cases in Georgia to obtain the pre-trial testimony of witnesses by depositions. Instead, the making of the motion for continuance has been offered as evidence of ineffectiveness of counsel. As such evidence it was not binding upon the question of effectiveness of counsel or his alleged lack of preparation for trial.

The trial court did not err in overruling defendant's amended motion for new trial on the ground of alleged ineffective assistance of trial counsel. *Pitts v. Glass,* 231 Ga. 638, supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 28, 1975 — DECIDED JUNE 17, 1975.

*Larry W. Dowdy,* for appellant.

*Albert D. Mullis, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.