313 Ga. 460
FINAL COPY

S21A1036. RUTLEDGE v. THE STATE.

LAGRUA, Justice.

Appellant Marcus Rutledge pled guilty to malice murder in connection with the April 2016 shooting death of Brian Williams. Appellant filed a motion for an out-of-time appeal in the trial court, which entered an order denying the motion. For the reasons explained below, the trial court should have dismissed, rather than denied, the motion, and we vacate the trial court's order and remand for entry of the appropriate dismissal order.

The record shows that in June 2016, Appellant was indicted for malice murder, two counts of felony murder, aggravated battery, aggravated assault, and possession of a firearm during the commission of a felony. In February 2018, Appellant entered a negotiated guilty plea to malice murder and was sentenced to life in prison with the possibility of parole. The remaining counts were

nolle prossed. Appellant did not file a notice of appeal within 30 days from the judgment entered on his guilty plea. See OCGA § 5-6-38 (a).

In July 2019, Appellant filed pro se a motion for an out-of-time appeal, alleging that he was entitled to an out-of-time appeal from his guilty plea conviction if there was "a possible ground for appeal, about which his lawyer failed to inform him." The trial court summarily denied the motion without a hearing. Appellant appealed to this Court, and we determined that, under *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019), Appellant was entitled to an evidentiary hearing on his motion. See *Rutledge v. State*, 309 Ga. 508, 510 (2) (847 SE2d 143) (2020). We therefore vacated the trial court's order in part and remanded the case, directing the trial court to conduct an evidentiary hearing and determine whether counsel's ineffective assistance was responsible for Appellant's failure to pursue a timely appeal. See id.[1]

---

[1] We also affirmed part of the trial court's judgment, holding that the trial court properly denied Appellant's request for a copy of his case file and transcript. See *Rutledge*, 309 Ga. at 510-511 (3).

On remand, the trial court held an evidentiary hearing where Appellant was represented by counsel. In December 2020, the trial court denied the motion for an out-of-time appeal on the merits, and Appellant timely appealed to this Court.

On appeal, Appellant contends the trial court erred in denying his motion for an out-of-time appeal because plea counsel rendered ineffective assistance by failing to advise him of his right to appeal from his guilty plea or to withdraw his guilty plea. See *Collier*, 307 Ga. at 371 (2) ("[W]hen a criminal defendant demonstrates that his appeal of right has been frustrated by a violation of constitutional magnitude, the failure to file a timely notice of appeal may be excused and the constitutional violation remedied by the provision of an out-of-time appeal.")

However, today in *Cook v. State*, 313 Ga. 471, 505 (5) (870 SE2d 758) (2022), we hold

> that there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure allowed in *King [v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson [v. State*, 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland [v.*

3

*State*, 264 Ga. 872, 874-875 (2) (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief for alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

Id. at 506 (5). Appellant therefore had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus. See id. Accordingly, we conclude the trial court should have dismissed, rather than denied, the motion, and we vacate the trial court's order and remand for entry of the appropriate dismissal order. See id. See also *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss.").

*Judgment vacated and case remanded with direction. All the Justices concur, except Peterson, Bethel, and Ellington, JJ., who dissent.*

PETERSON, Justice, dissenting.

In this case, the Court faithfully applies its holding in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), which also issues today.

4

Because I dissent in *Cook* and that decision is not yet final, I dissent here, too.

I am authorized to state that Justice Bethel and Justice Ellington join in this dissent.

Decided March 15, 2022.

Out-of-time appeal. Houston Superior Court. Before Judge Lukemire.

*Greg H. Bell*, for appellant.

*George H. Hartwig III, District Attorney, Daniel P. Bibler, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Kathleen L. McCanless, Assistant Attorney General*, for appellee.