**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 14, 2022**

# In the Court of Appeals of Georgia

A20A1922. MOBUARY v. THE STATE.

BROWN, Judge.

Jason Darrius Mobuary appeals from the trial court's orders denying his pro se motion for an out-of-time appeal and motion for appointment of counsel. In June 2002, a Fulton County grand jury indicted Mobuary for burglary, child molestation, and interference with custody in connection with an inappropriate relationship Mobuary began having with the victim when she was 11 years old and he was 29 years old. The relationship eventually turned sexual; Mobuary touched the victim's breasts, buttocks, and private parts, and the victim reported that she had "sexual relations" with Mobuary and considered Mobuary her boyfriend. In July 2003, as part of a negotiated plea, Mobuary subsequently agreed to plead guilty to one misdemeanor count of interference with custody and one count of enticement of a

child for indecent purposes "as an alternative" to the child molestation charge; the State nolle prossed the burglary charge.

On July 3, 2018, Mobuary, representing himself, filed a motion for an out-of-time appeal, a motion for an evidentiary hearing, and a motion for appointment of counsel to assist him on his first appeal. Without holding an evidentiary hearing, the trial court denied Mobuary's motion for an out-of-time appeal, concluding that Mobuary admitted during his guilty plea and at sentencing that he was satisfied with plea counsel's representation. The trial court also summarily denied Mobuary's motion for appointment of counsel. Mobuary appeals both orders.

1. Mobuary contends the trial court erred in denying his motion for an out-of-time appeal without conducting an evidentiary hearing. Given the Supreme Court of Georgia's recent decision in *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (Case No S21A1270, decided March 15, 2022), this argument is without merit. In that case, the Supreme Court held

> that there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure allowed in *King* [*v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson* [*v. State*, 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland* [*v. State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a

> convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

Id. at ___ (5). Mobuary "therefore had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1036, decided March 15, 2022). Based on *Cook*, we therefore conclude that the trial court should have dismissed, rather than denied, the motion, and we vacate the trial court's order and remand for entry of the appropriate dismissal order. See *Cook*, ___ Ga. at ___ (5).

2. Given the Supreme Court's holding in *Cook* that there is no legal authority for motions for out-of-time appeal in the trial courts, Mobuary's claim that the trial court erred in denying his motion for appointment of counsel to assist him in his out-of-time appeal is moot.

*Judgment vacated and case remanded with direction. Rickman, C. J., and Dillard, P. J., concur.*