# Court of Appeals
# of the State of Georgia

ATLANTA,  April 18, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0677. CLARK v. THE STATE.**

In 2017, Bevan Clark pleaded guilty to sexual battery and two counts of statutory rape, and he was sentenced under the First Offender Act to five years with sixty days to serve in confinement and the balance to be served on probation. In 2018, after Clark violated several terms and special conditions of his probation, the trial court sentenced him to seven years with twelve months to serve in confinement and the balance to be served on probation. Clark did not appeal his guilty plea, original sentence, adjudication, or amended sentence. In 2021, however, Clark filed a motion for out-of-time appeal, contending that he received ineffective assistance from plea counsel. The trial court denied the motion and, within 30 days, Clark filed a notice of appeal. The State has filed a "Motion to Dismiss" contending that in light of a recent change in Georgia law, the trial court's order must be vacated and the case remanded for dismissal. We agree.

Until recently, Georgia law recognized an out-of-time appeal as the judicially-created remedy for "a criminal defendant [who] demonstrates that his appeal of right has been frustrated by a violation of constitutional magnitude[.]" *Collier v. State*, 307 Ga. 363, 371 (2) (834 SE2d 769) (2019). Nevertheless, the Supreme Court of Georgia recently held:

> [T]here was and is no legal authority for motions for out-of-time appeal in trial courts and . . . the out-of-time appeal procedure allowed in *King [v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson [v. State*, 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland [v.*

*State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

*Cook v. State*, ___ Ga. ___ (slip op. at 82) (5) (___ SE2d ___) (Case No. S21A1270, decided Mar. 15, 2022). See also *Rutledge v. State*, ___ Ga. ___ (slip op. at 4) (___ SE2d ___) (Case No. S21A1036, decided Mar. 15, 2022) (concluding that in light of *Cook*, the appellant "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus").

In *Cook*, the appellant was a criminal defendant who filed a motion for out-of-time appeal in the trial court. The trial court denied the motion on the merits, and she filed an appeal. Id., slip op. at 7-8. The Supreme Court, after holding that there is no legal authority for an out-of-time appeal, vacated the trial court's order and remanded the case with direction to the trial court that the motion be dismissed. Id., slip op. at 82.

Here, as in *Cook*, Clark is a criminal defendant who is appealing from a trial court order denying on the merits his motion for out-of-time appeal. Pursuant to *Cook*, we vacate the trial court's order denying the motion and remand the case so that the trial court can dismiss, rather than deny, Clark's motion. Accordingly, the State's motion is hereby GRANTED such that the trial court's order is VACATED, and this case is REMANDED for entry of an order of dismissal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/18/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*