**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

April 19, 2022

# In the Court of Appeals of Georgia

A22A0047. JOHNSON v. THE STATE.

PER CURIAM.

Jerry Dean Johnson appeals from the denial of his motion for out-of-time appeal. For the following reasons, we vacate the trial court's order and remand for entry of the appropriate dismissal order.

In 2003, with the assistance of counsel, Johnson entered a negotiated guilty plea to rape, kidnapping, aggravated assault, and burglary. He did not timely seek to withdraw his plea or appeal his convictions. In February 2021, with the assistance of appellate counsel, Johnson filed a motion for out-of-time appeal in the trial court, alleging that plea counsel was ineffective for failing to inform him about post-conviction procedures. After an evidentiary hearing, the trial court denied the motion,

concluding that Johnson's plea was knowing and voluntary and that he failed to prove that plea counsel was ineffective. This appeal followed.

In *Cook v. State*, ___Ga. ___ (5) (Case No. S21A1270, decided March 15, 2022), decided during the pendency of Johnson's appeal, the Supreme Court of Georgia held that

> there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure allowed in *King* [*v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson* [*v. State*, 234 Ga. 594 (216 SE2d 845) (1975)], approved in *Rowland* [*v. State*, 264 Ga. 872 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

Johnson "therefore had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ (Case No. S21A1036, decided March 15, 2022). Based on *Cook*, we conclude that Johnson's motion should have been dismissed, and we therefore vacate the trial court's order and remand for entry of the appropriate dismissal order. See *Cook*, supra; *Lilly v. State*, ___ Ga. App. ___ (Case No. A22A0564, decided March 29, 2022).

*Judgment vacated and case remanded with direction. Division Per Curiam. All Judges concur.*