# Court of Appeals
# of the State of Georgia

ATLANTA,  April 19, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0862. TEYON STOVER v. THE STATE.**

In 2006, a jury found Teyon Stover guilty of rape, two counts of kidnapping, three counts of child molestation, and aggravated assault. This Court affirmed his conviction on appeal. *Stover v. State*, 293 Ga. App. 210 (666 SE2d 602) (2008). In 2019, the trial court granted Stover's motion to vacate a void sentence and resentenced him to a total term of imprisonment of 40 years. Stover filed a notice of appeal from his amended sentence, but we dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. See Case No. A20A0014 (August 16, 2019). In 2020, Stover filed a motion for out-of-time appeal in the trial court, alleging that trial counsel's ineffective assistance frustrated his right to appeal. The trial court granted the motion for out-of-time appeal on December 10, 2021, and Stover filed a notice of appeal on January 7, 2022. The State has filed a "motion to dismiss," contending that in light of a recent change in Georgia law, the trial court's order granting the out-of-time appeal must be vacated and the case remanded. We agree.

Until recently, Georgia law recognized an out-of-time appeal as the judicially-created remedy for "a criminal defendant [who] demonstrates that his appeal of right has been frustrated by a violation of constitutional magnitude[.]" *Collier v. State,* 307 Ga. 363, 371 (2) (834 SE2d 769) (2019). However, the Supreme Court of Georgia has since held:

> [T]here was and is no legal authority for motions for out-of-time appeal
> in trial courts and . . . the out-of-time appeal procedure allowed in *King*

*[v. State,* 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson [v. State,* 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland [v. State,* 264 Ga. 872, 874-875 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

*Cook v. State,* ___ Ga. ___ (slip op. at 82) (___ SE2d ___) (Case No. S21A1270, decided March 15, 2022).

In light of *Cook,* Stover had no right to file a motion for out-of-time appeal in the trial court. See *Rutledge v. State,* ___ Ga. ___, ___ (slip op. at 4) (___ SE2d ___) (Case No. S21A1036, decided March 15, 2022). Rather than granting Stover's motion, the trial court should have dismissed it. See id. Accordingly, the State's motion is GRANTED, and we VACATE the trial court's order granting the motion for out-of-time appeal and REMAND for entry of the appropriate dismissal order. See id. See also *Brooks v. State,* 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss.").



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __04/19/2022_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*