**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 20, 2022**

# In the Court of Appeals of Georgia

A22A0424. SEARLES v. THE STATE.

BROWN, Judge.

Datwione Willie Searles, pro se, appeals from the trial court's denial of his motions for out-of-time appeal that he filed following the entry of his non-negotiated guilty plea to two counts of forgery in the third degree. For the reasons explained below, the trial court should have dismissed, rather than denied, the motions, and we vacate the trial court's order and remand for entry of the appropriate dismissal order.

The record shows that on September 23, 2019, Searles pleaded guilty to two counts of forgery in the third degree. On November 25, 2020, Searles filed a motion for leave to file an out-of-time appeal, alleging that he had no knowledge of the right to appeal his non-negotiated plea. Searles filed a second motion for leave to file an out-of-time appeal, also on November 25, 2020, asserting ineffective assistance of

counsel and lack of communication with his attorney and the Department of Corrections. On January 12, 2021, Searles filed a third motion for leave to file an out-of-time appeal, alleging that his failure to appeal his conviction within 30 days was due to ineffective assistance of counsel resulting from "counsel's abandoning an appeal desired by defendant for sentence modification and void illegal sentence due to rule of lenity." While no transcript appears in the appellate record,[1] the trial court's order indicates that a hearing was held on the three motions on July 23, 2021, during which Searles asserted that he was entitled to an out-of-time appeal because trial counsel was ineffective; however, Searles did not bring trial counsel as a witness to the hearing. The trial court denied all three motions, concluding that nothing on the face of the record shows that Searles was not advised as to his right to an appeal, "and as [Searles] failed to provide any evidence regarding same, [he] failed to meet his burden of proving that he is entitled to an out of time appeal." Following the entry of that order, Searles appealed to this Court.

In *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (Case No S21A1270, decided March 15, 2022), the Supreme Court of Georgia held

---

[1] A transcript of the hearing from Searles' guilty plea appears in the record on appeal, but that is the only transcript filed with this Court.

that there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure allowed in *King* [*v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson* [*v. State*, 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland* [*v. State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

Id. at ___ (5). Searles "therefore had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1036, decided March 15, 2022). Based on *Cook*, we therefore conclude that the trial court should have dismissed, rather than denied, the motions, and we vacate the trial court's order and remand for entry of the appropriate dismissal order. See *Cook*, ___ Ga. at ___ (5).

*Judgment vacated and case remanded with direction. Barnes, P. J., and Hodges, J., concur.*

3