**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 21, 2022

# In the Court of Appeals of Georgia

A22A0461. HOPPER v. THE STATE.

BROWN, Judge.

Following a jury trial in 2014, Earl Hopper was convicted of rape, child molestation, enticing a child for indecent purposes, and furnishing alcohol to a minor. Following his conviction, Hopper's trial counsel filed a timely motion for new trial. In 2016, Hopper filed a pro se motion in arrest of judgment, which he later amended in 2017. After Hopper filed a *Faretta* waiver seeking to represent himself, the trial court held a hearing and allowed Hopper to proceed pro se. On August 10, 2017, the trial court issued an order denying the motion for new trial and the motion in arrest of judgment. On October 23, 2017, Hopper filed a notice of appeal from the August 10, 2017 order. In January 2019, this Court granted the State's motion to dismiss the appeal, concluding that it was untimely. Nearly two months later, Hopper filed a

motion for an out-of-time appeal, which the trial court denied. Hopper appealed the denial, and in *Hopper v. State*, 355 Ga. App. 269, 269-273 (843 SE2d 919) (2020), this Court ultimately concluded that the trial court erred in denying the motion. On remittitur, the trial court granted Hopper's motion for an out-of-time appeal, and Hopper filed a timely notice of appeal.

In *Cook v. State*, ___ Ga. ___ (5) (___ SE2d ___) (Case No. S21A1270, decided March 15, 2022), the Supreme Court held

> that there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure allowed in *King* [*v. State*, 233 Ga. 630 (212 SE2d 807) (1975)] and *Furgerson* [*v. State*, 234 Ga. 594, 595 (216 SE2d 845) (1975)], approved in *Rowland* [*v. State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995)], and followed in other cases, is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. Our holding applies to this case and to all cases that are currently on direct review or otherwise not yet final.

Id. at ___ (5). The Court noted that "we do not undo what has been done with respect to out-of-time appeals that already have been granted *where the ensuing appeal has concluded*." (Emphasis supplied.) Id. at ___ (3) (e). Further, "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court

orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4). As this case should be construed as an "ensuing appeal" and it is "otherwise not final," Hopper "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1036, decided March 15, 2022). Based on *Cook*, the motion should have been dismissed. We therefore vacate the trial court's order and remand for entry of the appropriate dismissal order. See id.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Hodges, J., concur*.