# Court of Appeals
# of the State of Georgia

ATLANTA, August 30, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0164. DAIJUAN TAYLOR v. THE STATE.**

On May 15, 2019, Daijuan Taylor was convicted of second-degree burglary. On January 22, 2021, the trial court issued an order dismissing Taylor's June 11, 2019 notice of appeal of the judgment of conviction. On May 19, 2022, Taylor filed the instant appeal, in which he apparently seeks review of the January 22, 2021 order. Specifically, Taylor's initial notice of appeal states that he is appealing from "the final judgement, denial of appeal, and many other due process etc. entered in this action on year 2018 to 2022," while his amended notice of appeal states that he is appealing from "order of final judgement, denial of appeal, denial of out of time appeal, lack of jurisdiction, several cumulative errors, etc." We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Thus, to the extent Taylor seeks to appeal his May 15, 2019 judgment of conviction, the instant appeal, filed on May 19, 2022, would be untimely. Because the record contains no orders from the trial court after the January 22, 2021 order, it appears that Taylor is seeking appellate review of this order. However, the appeal is untimely as to this order, as it was filed more than a year after the order's entry. Accordingly, this appeal is hereby DISMISSED for lack of

jurisdiction.[1]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __08/30/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] We note that the Georgia Supreme Court recently determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal lies in habeas corpus. *Rutledge v. State*, 313 Ga. 460, 461 (870 SE2d 720) (2022); *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022).