# Court of Appeals
# of the State of Georgia

ATLANTA,  January 04, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1691. JASON AARON YEARBY v. THE STATE.**

After a jury trial, Jason Aaron Yearby was convicted of rape, false imprisonment, and cruelty to children in the third degree. Yearby filed a motion for new trial, which the trial court denied in May 2021. According to Yearby, he did not receive the order denying his motion for new trial. Yearby then filed a motion for out-of-time appeal, which the trial court granted in September 2021, and Yearby has filed notice of appeal therefrom. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), the Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal. Yearby, therefore, had no right to file a motion for an out-of-time appeal in the trial court, and any out-of-time appeal remedy lies in habeas corpus. *Rutledge v. State*, 313 Ga. 460, 461 (870 SE2d 720) (2022). If Yearby's right to timely seek appellate review was frustrated because the trial court did not give the notice of its ruling required by OCGA § 15-6-21 (c), Yearby "should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again." See *Moore v. State*, 308 Ga. 556, 557 (2) (842 SE2d 65) (2020).

Accordingly, the trial court's order granting the motion for out-of-time appeal is hereby VACATED, and this case is hereby REMANDED to the trial court, which is DIRECTED to enter an order dismissing the motion for out-of-time appeal. See *Rutledge*, 313 Ga. at 461.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __01/04/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*