**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 2, 2023**

# In the Court of Appeals of Georgia

A22A1698. GRAHAM v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Victor Graham was convicted in June 2009 of statutory rape and incest. He thereafter filed a timely motion for new trial, as amended, which was denied in November 2021. In January 2022, Graham filed a motion for an out-of-time appeal, and on January 25, 2022, the trial court entered an order granting that motion. Graham then filed the current appeal. During the pendency of the appeal, the Supreme Court of Georgia decided the cases of *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), and *Rutledge v. State*, 313 Ga. 460 (870 SE2d 720) (2022), in which it determined that trial courts lack jurisdiction to grant motions for an out-of-time appeal. Graham contends on appeal that *Cook* and *Rutledge* do not apply in this case, and also makes substantive claims of ineffective assistance of counsel. For the

reasons that follow, however, the trial court's January 25, 2022 order granting Graham's motion for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Graham's motion.

In *Cook*, the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts[.]" 313 Ga. at 506 (5). The Court in *Cook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 505 (4). In *Rutledge*, the Supreme Court applied *Cook* and vacated the denial of a motion for an out-of-time appeal and remanded for the trial court to dismiss the motion for lack of jurisdiction. 313 Ga. at 461. *Rutledge* further provided that the "remedy, if any, lies in habeas corpus." Id.

Graham asserts that the holdings in these cases do not apply in this instance because he did not receive notice of the trial court's ruling on his motion for new trial and the motion was denied by consent order. Indeed, in the order granting the motion for an out-of-time appeal, the trial court noted that the motion for new trial was denied in November of 2021 and that Graham and the State were not aware of the ruling until January of 2022.

OCGA § 15-6-21 (c) provides: "When he or she has so decided, it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." In *Shouse v. State*, 189 Ga. App. 531 (376 SE2d 911) (1988), this Court explained that, while the failure to notify under OCGA § 15-6-21 (c) would not extend the time for filing a notice of appeal, it could furnish a basis for the grant of an out-of-time appeal in that the defendant was deprived of his right to appeal, "which is of constitutional dimensions." Id. at 531. The Court in *Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000), further elaborated that, in addition to pursuing an out-of-time appeal, where a convicted defendant does not receive timely notice under OCGA § 15-6-21 (c) of an order denying his motion for new trial, he can also move to set aside the order denying his motion for new trial. Id. In that instance, "the

3

trial court should both set aside [the previous] order[] and enter a new order denying the motion for new trial." Id.

Here, although Graham contends that the trial court did not provide him notice of the denial of his motion for new trial, per *Cook*, the trial court is without jurisdiction or legal authority to grant an out-of-time appeal. 313 Ga. at 506 (5). Graham provides no authority, nor are we aware of any, that *Cook* provides for an exception when out-of-time appeals are granted pursuant to OCGA § 15-6-21 (c).[1]

Accordingly, the trial court's order granting Graham's motion for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Graham's motion.

*Judgment vacated and remanded with direction. Brown and Hodges, JJ., concur.*

---

[1] Graham, however, is not foreclosed from filing "a motion to set aside" the order denying his motion for new trial, after which, should the trial court grant the motion and re-enter the judgment, "the 30-day appeal period would begin to run again." (Citation omitted.) *Moore v. State*, 308 Ga. 556, 557 (2) (842 SE2d 65) (2020); *Veasley*, 272 Ga. at 839.