**SECOND DIVISION
RICKMAN, C. J.,
MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 21, 2023**

# In the Court of Appeals of Georgia

A22A1711. MEJIA v. THE STATE.

RICKMAN, Chief Judge.

In November 2019, Humberto Antonio Mejia pled guilty pursuant to a negotiated guilty plea to three counts of aggravated child molestation and two counts of incest, in addition to several other sexual offenses against children, and received a sentence of 20 years to serve in confinement with the remainder of his lifetime on probation.[1] In January 2020, Mejia filed several pro se motions in the trial court,

---

[1] The additional criminal counts to which Mejia pled guilty included two counts of cruelty to children in the first degree, three counts of criminal attempt to commit a felony, and one count of sexual battery.

including a motion arguing that his sentence was unlawful and, therefore, void.[2] The trial court denied Mejia's motions, and this appeal follows.

Mejia contends that the sentence imposed by the trial court pursuant to the negotiated plea agreement is void because it does not comport with the statutory sentence requirements for the crimes of aggravated child molestation and incest. For the following reasons, we affirm the sentence with respect to the crime of aggravated child molestation, but are constrained to agree that the sentence imposed for the crime of incest does not comport with the governing statutory law and, therefore, we vacate

---

[2] This is the second time this case has appeared before this Court. In an unpublished opinion in Case Number A21A1130, we vacated a different order in which the trial court denied Mejia's motion for out-of-time appeal and remanded the case for a hearing on the motion. On remand, Mejia also filed a motion to withdraw guilty plea, and the trial court issued an order denying all three motions. It is from that order that Mejia now appeals. We have jurisdiction over this appeal because a trial court's denial of a timely motion to correct a void sentence pursuant to OCGA § 17-10-1 (f) is directly appealable. See, e. g., *Bowen v. State*, 307 Ga. App. 204 (704 SE2d 436) (2010); *Anderson v. State*, 290 Ga. App. 890 (660 SE2d 876) (2008). Nevertheless, regarding Mejia's motion for out-of-time appeal, the Georgia Supreme Court recently eliminated the judicially created out-of- time-appeal procedure in trial courts. See *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022). Therefore, any out-of-time appeal remedy lies in habeas corpus. See *Rutledge v. State*, 313 Ga. 460, 461 (870 SE2d 720) (2022). Accordingly, we vacate the trial court's denial of Mejia's motion for out-of-time appeal and on remand, direct that the trial court instead enter an order dismissing that motion. See id.

2

the sentence as to those counts and remand for resentencing in accordance with this opinion.

(a) With respect to the crime of aggravated child molestation, OCGA § 17-10-6.1 (b) (2) (C) provides that a person convicted of that crime "shall, unless sentenced to life imprisonment, [receive] a split sentence which shall include a mandatory minimum term of imprisonment of 25 years, followed by probation for life, and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court." See also OCGA § 16-6-4 (d) (1). Nevertheless, OCGA § 17-10-6.1 (e) authorizes the trial court, in its discretion, to deviate from the mandatory minimum sentence "when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum."

Here, Mejia pled guilty to a 16-count indictment, which included three counts of aggravated child molestation, in exchange for a negotiated sentence of 20 years to serve with the remainder of his lifetime on probation. The trial court accepted the plea and sentenced Mejia to "life to serve 20 years" on each count of aggravated child molestation, with the second and third count to be served concurrently to the first.[3]

_____

[3] As further discussed in Division (b), during the negotiated plea hearing, the agreed upon sentence was only presented as an aggregate sentence, and neither the State nor the trial court discussed the specific counts of the indictment and/or the

3

Relying on OCGA § 17-10-1 (a) (1) (A), Mejia contends that the sentence is illegal because it amounts to an unlawfully-probated life sentence. That statute provides that, "except in cases in which life imprisonment, life without parole, or the death penalty may be imposed," the trial court may "suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper." OCGA § 17-10-1 (a) (1) (A). If a life sentence is imposed, however, the trial court lacks the discretion to probate or suspend the life sentence, unless otherwise provided by law. See generally *Grace v. State*, 347 Ga. App. 396, 400 (2) (819 SE2d 674) (2018) ("Construing OCGA § 17-10-1, we have consistently held that a trial court's ability to probate or suspend a sentence does not extend to life sentences.").

Here, Mejia and the prosecuting attorney agreed to depart from the mandatory minimum 25-year split sentence such that the total negotiated sentence was 20 years incarceration followed by a lifetime on probation. We reject Mejia's position that the pronounced sentence of "life to serve 20 years" rendered the sentence unlawful. The final disposition sheet, when read as a whole, makes it clear that Mejia's punishment for each count of aggravated child molestation amounted to a split sentence

---

sentenced to be imposed on the remaining counts, all of which either merged with or were to be served concurrently with the first count of aggravated child molestation.

4

comprised of a 20-year term of imprisonment, followed by probation for life, as agreed to by the parties. Such sentencing is expressly contemplated by the relevant statutory provisions. See OCGA § 17-10-6.1 (b) (2) (C), (e); *Bolish v. State*, 365 Ga. App. 855, 856 (880 SE2d 345) (2022).

(b) With respect to the crime of incest, Mejia pled guilty to two counts and was sentenced to 10 years incarceration on each count, to be served concurrently to each other and to the sentence imposed for the crime of aggravated child molestation. Mejia argues that his sentence of 10 years straight incarceration violated the split-sentence requirement of OCGA § 17-10-6.2 (b).

The pertinent language of OCGA § 17-10-6.2 (b) provides that:

[A]ny person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment [which, for the crime of incest with a child under the age of 14 years old, shall be for not less than 25 nor more than 50 years]. . . . Any such sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year[.]

See OCGA § 16-6-22 (b). But the statute also expressly authorizes the trial court, in its discretion, to "deviate from the mandatory minimum sentence as set forth in subsection (b) . . ., or any portion thereof, when the prosecuting attorney and the

5

defendant have agreed to a sentence that is below such mandatory minimum. . . ." OCGA § 17-10-6.2 (c) (1).

The trial court's sentence of 10 years straight confinement violates the split-sentence requirement of OCGA § 17-10-6.2 (b). Although subsection (c) (1) of that statute authorized the trial court, with the agreement of Mejia and the prosecuting attorney, to deviate from the split-sentencing requirement, the record contains no evidence that the parties negotiated anything beyond the aggregate sentence to be served. Moreover, during the sentencing hearing, the prosecuting attorney did not address any specific count of the indictment when setting forth the agreed-upon plea, nor did the trial court impose sentence on any specific count when it otherwise pronounced the agreed-upon aggregate sentence. It follows that upon remand, the trial court should resentence Mejia on the incest counts in accordance with this opinion. See OCGA § 17-10-6.2 (b); *Jackson v. State*, 338 Ga. App. 509, 511 (790 SE2d 295) (2016).

*Judgment affirmed in part, vacated in part, and case remanded. Miller, P. J., and Pipkin, J., concur.*