# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1769. TELLEY CLARKE v. THE STATE.**

A jury found Telley Clarke guilty of aggravated assault and other related offenses, and the trial court entered his sentence in December 2019. In April 2022, Clarke filed a motion for leave to file an out-of-time motion for a new trial, arguing that he should be excused from complying with the OCGA § 5-5-40 (a) 30-day deadline for filing a motion for a new trial because this is an "extraordinary case" within the meaning of the statute. Before the trial court ruled on that motion, Clarke filed an out-of-time motion for a new trial challenging his convictions in May 2022. In July 2023, the trial court granted Clarke's motion for leave to file an out-of-time motion for a new trial, construing it as a request to file an extraordinary motion for a new trial pursuant to OCGA §§ 5-5-40 (a) and 5-5-41 (a). Clarke subsequently amended his out-of-time motion for a new trial twice. The trial court denied the motion in September 2024, and Clarke filed the current direct appeal. We lack jurisdiction.

We construe Clarke's out-of-time motion for a new trial, like the trial court did, as an extraordinary motion for a new trial because it was filed more than 30 days after the trial court entered his sentence.[1] See OCGA §§ 5-5-40 (a); 5-5-41 (a). An appeal

---

[1] We do not construe Clarke's motion for leave to file an out-of-time motion for a new trial as motion for an out-of-time appeal because the Supreme Court of Georgia held in *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), that: (i) "there was and is no legal authority for motions for out-of-time appeal in trial courts," (ii) "the out-of-time appeal procedure [previously recognized in Georgia] is not a legally

from an order denying an extraordinary motion for a new trial must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Clarke's failure to follow the discretionary review procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__06/03/2025_____*

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

cognizable vehicle for a convicted defendant to seek relief for alleged constitutional violations," and (iii) the remedy, if any, for a criminal defendant who has failed to timely appeal his conviction lies in habeas corpus. Accord *Rutledge v. State*, 313 Ga. 460, 461 (870 SE2d 720) (2022).